# CHARLESTON.

GEORGE WASHINGTON LIFE INSURANCE COMPANY

v.

CECELIA M. JAYNE *et al.*

Submitted September 7, 1921.    Decided September 13, 1921.

VENDOR AND PURCHASER—*Parties Purchasing Property in Suit from Plaintiff's Held Entitled to Excess of Purchase Money on Judicial Sale Over Agreed Price.*

The rights of no one else being affected thereby, purchasers from the owners by written contract of the subject matter of a suit to enforce a vendor's lien after decree of sale, which the owners refuse to execute, may intervene by petition to be made parties to the suit and to have decreed to them, as equitable owners of the property sold, the excess of purchase money over the price which they had agreed to pay for it.

Case Certified from Circuit Court, Kanawha County.

Action by the George Washington Life Insurance Company against Cecelia M. Jayne and another, in which E. B. Stephenson and others intervened, and their demurrer to the petition was overruled, and they were ruled to answer and the case certified.

*Affirmed.*

*Koontz & Hurlbutt,* for interveners E. B. Stephenson and others.

*Morton & Mohler* and *Lively & Stambaugh,* for defendants.

MILLER, JUDGE:

After the decree to enforce the vendor's lien was pronounced in this cause, but before its execution by the special commissioner appointed for that purpose, E. B. Stephenson, A. B. Koontz and William Jones intervened by petition and were made parties, setting up therein their contract for the purchase of the property from the defendants, Cecelia M. Jayne and David A. Jayne, which the defendants had failed to execute by perfecting their title to the property and the ex-

ecution of a deed in accordance with the provisions of the contract, alleging furthermore that by the failure of the defendants to comply with their contract their property was sold by the commissioner after an understanding between him and counsel for the parties to the suit, that the plaintiff should buy in the property and convey it to petitioners for the price and upon the same terms as provided in the contract, but that at said sale another party appeared and bid in the property for $1200.00 in excess of the price agreed upon between defendants and petitioners, rendering it impossible for the plaintiff to convey it to petitioners, but that as by the contract the equitable title to the property thereby became vested in them, they were entitled to the excess of purchase money, which they prayed might be decreed them out of the proceeds of said sale.

The demurrer of the defendants Jaynes to the petition was overruled, and they were ruled to answer, and upon their motion the correctness of the ruling of the court upon said demurrer has been certified to us for decision.

We are of opinion that the ruling of the circuit court upon the demurrer to the petition was clearly right. The validity and terms of the contract are not questioned. Petitioners were ready, able and anxious at all times to execute the contract on their part. No excuse for the failure of the defendants to do so on their part yet appears, and if the facts as alleged in the petition, exhibiting the contract duly signed, sealed and acknowledged by the defendants, are true, the effect of the contract was to invest in the petitioners the equitable title to the property subject to its terms, and the right to the surplus money arising from the sale of course would follow the equitable title.

We see nothing of merit in the contention that it was illegal and improper for counsel for the parties to agree, as they are alleged to have done, that the commissioner should sell, and to indicate the price at which the property should subsequently be sold by the plaintiff as purchaser to petitioners. This was not an agreement to stifle bidding or injure anyone, certainly not the defendants, for whatever might be bid at the sale by anyone not a party to the agreement over

and above the price which petitioners had agreed to pay defendants therefor would belong to the former as equitable owners, no creditor or other person being affected thereby.

Nor is there anything in the contention that petitioners were not entitled to come into the cause after the decree of sale adjudicating the rights of the original parties to the suit. Upon the sale the court had the funds in hand, the proceeds of the sale, and authority and jurisdiction to dispose of them to the rightful claimants. Petitioners might possibly have paid off the vendor's lien and then sued for specific performance, but they did not choose to do so. It was their right to allow the property to be sold, and if sold for more than they agreed to pay for it, to demand the excess of purchase money. This they have done.

The right of the petitioners to so intervene is ruled, we think, by the principles of *Cassady* v. *Cassady,* 74 W. Va. 53, holding that a stranger to a chancery suit, claiming an interest in the subject matter thereof, may, with leave of the court, make himself a party thereto by petition; and of course this includes the right to have his rights decreed to him in the cause. The rights of the petitioners in this cause appear to be fixed by the terms of the written contract; but they are here only on the demurrer to the petition. What may appear on the trial affecting the rights of the other parties, we do not know; but it is clear the petition presents a good cause for relief.

The ruling of the circuit court will, therefore, be affirmed.

*Affirmed.*